[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves that the court modify the current child support order of $200 per week due to a substantial change in circumstance.
The court finds the following facts. On October 7, 1996 the parties entered into a stipulated agreement that, inter alia, provided that the plaintiff-husband shall pay to the defendant-wife "the sum of $200 per week as pendente lite support CT Page 3046 for the couple's two minor children. Said amount shall not be modified (if appropriate) upon the plaintiff obtaining full-time employment."
On the financial affidavits submitted at that time, the plaintiff claimed he received no weekly income. Nevertheless, he agreed to the $200 weekly order. At that time, the defendant, in a financial affidavit dated May 14, 1996, stated that her sole source of income was $200 weekly child support.
In connection with the instant motion for modification dated January 13, 1997 based upon the defendant's unemployment, the parties filed new financial affidavits dated February 21, 1997. The plaintiff lists gross weekly income of $300 and a net weekly income of $255. The defendant has obtained employment and earns a gross weekly income of $103.59 as a bus driver and nets weekly $87.01.
The plaintiff currently works full-time as a clerk in his sister's delicatessen. He chose to work from 11 a.m. to 8 p. m. to permit him to go for job interviews.
Based on the language of the stipulated agreement, the financial affidavits of October and February and the testimony of the plaintiff, the court denies the motion for modification. The plaintiff claims he entered into the agreement in October because he had money left from the sale of his business and did not anticipate being out of work. However, on his October affidavit he failed to list any asset amount remaining from the sale of his business and therefore his testimony was uncorroborated by his own affidavit. Furthermore, the diminution of assets from $21,000 in the October affidavit to $12,364 in the February affidavit is also uncorroborated. The major difference is the value of a Mitsubishi automobile listed on the October affidavit as valued at $9,000. The automobile no longer belongs to the plaintiff. However, the plaintiff's testimony regarding the financial transactions concerning this automobile was evasive. He had borrowed from his nephew to purchase the car, repaid him, then sold the car back to the dealer.
The plaintiff did not bear his burden of proving what the equitable value of the asset was at the time he executed his October affidavit. Therefore, the court cannot find that the plaintiff's assets diminished to create a substantial change in circumstances. The plaintiff's circumstances as to weekly income CT Page 3047 have changed substantially and for the better. He is earning $300 more per week than he was at the time of the stipulated agreement.
In addition, the court did not find the plaintiff's testimony credible as to his efforts and ability to find suitable employment, or as to his financial dealings.
For the foregoing reasons, the court denies the motion for modification.
SANDRA VILARDI LEHENY, J.